Pro Se Plaintiff
[REDACTED ADDRESS]
[REDACTED CITY, STATE]

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, | Case No.: 25-cv-01736 (UNA) |
| Plaintiff, | |
| vs. | PLAINTIFF'S MOTION FOR EXPEDITED RULING ON PENDING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS PROPOSED |
| U.S. DEPARTMENT OF HOMELAND SECURITY, ET AL., | |
| Defendants | |
| FILED UNDER SEAL | |

Plaintiff John Doe, proceeding pro se and under seal (pseudonymously), respectfully moves the Court to expedite its ruling on his pending Motion for Leave to Proceed In Forma Pauperis (the "IFP Motion"). Under 28 U.S.C. § 1915(a), any federal court "may authorize the commencement" of an action without prepayment of fees by a person who files an affidavit showing inability to pay. Plaintiff has submitted such an affidavit here, demonstrating that he has no income, assets, or savings and that prolonged administrative litigation (through EEOC and BCMR proceedings) has left him indigent. Because the IFP Motion remains undecided, Plaintiff cannot proceed with this case. In light of Rule 1's mandate that these rules "be construed . . . to secure the just, speedy, and inexpensive determination of every action", Plaintiff respectfully requests that the Court rule on the IFP Motion without further delay.

- Indigency and hardship: Plaintiff's sworn affidavit (filed with the IFP Motion) shows that he is entirely without funds. He has no wages, savings, or assets and has

PLAINTIFF'S MOTION FOR EXPEDITED RULING ON PENDING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS PROPOSED - 1

RECEIVED

SEP 2 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

incurred substantial costs in prior EEOC and BCMR proceedings. Under 28 U.S.C. §

1915, a party without the ability to pay may proceed without prepayment of fees. Here,

Plaintiff's affidavit satisfies that requirement. The delay in ruling on the IFP Motion

forces him to languish without access to this Court's process.

- Procedural posture: Plaintiff filed the IFP Motion concurrently with his

Complaint, and it remains pending. The Court has not yet issued any scheduling or other

orders in the case. Until the IFP Motion is resolved, Plaintiff is unable to prosecute his

claims or obtain a ruling on the merits. In effect, each passing day prejudices Plaintiff by

prolonging the cost and uncertainty of this litigation.

- Rule 1 – just and speedy resolution: Federal Rule of Civil Procedure 1 requires

courts to secure the "just, speedy, and inexpensive determination" of every case. An

indefinite delay in resolving whether Plaintiff may proceed in forma pauperis is

inconsistent with that principle. Prompt resolution of the IFP Motion is essential to a just

and timely adjudication: the motion is purely a threshold matter that can be decided

immediately. Resolving it now will allow the case to move forward without further delay

or expense.

- Authority to expedite: District courts routinely use their inherent authority to

manage their dockets and expedite matters where warranted. For example, in Allen v.

Navy Federal Credit Union, the court granted a pro se plaintiff's motion to expedite

ruling on a pending IFP motion to avoid unnecessary delay. Similarly here, there is no

prejudice to any party from an expedited ruling, and the public interest in efficient

resolution of this litigation weighs heavily in favor of prompt action.

PLAINTIFF'S MOTION FOR EXPEDITED RULING ON PENDING MOTION FOR LEAVE TO PROCEED IN
FORMA PAUPERIS PROPOSED - 2

1

2    For these reasons, Plaintiff respectfully submits that the Court should immediately

3    resolve his Motion to Proceed In Forma Pauperis. The applicable statutes and rules – particularly

4    28 U.S.C. § 1915 and Fed. R. Civ. P. 1 – favor swift determination of fee-waiver applications to

5    avoid undermining access to the courts. Plaintiff therefore prays that the Court expedite its ruling

6    on the pending IFP Motion so that this case may proceed on the merits without undue delay.

7

8

9    LCvR 7(m) Statement. No counsel has appeared for Defendant Department of Homeland

10   Security and service has not yet been effected while Plaintiff's IFP application is pending;

11   accordingly, a pre-filing conference under LCvR 7(m) was not practicable. Plaintiff will confer

12   promptly upon counsel's appearance.

13

14

15        Respectfully submitted,

16

17

18   _____

19        John Doe

20        Plaintiff Pro Se

21        Date: September 2, 2025

22

23

24

25

26

27

28   PLAINTIFF'S MOTION FOR EXPEDITED RULING ON PENDING MOTION FOR LEAVE TO PROCEED IN
     FORMA PAUPERIS PROPOSED - 3